# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**KONDAUR CAPITAL CORP.,**
          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　Case No.  2:10-cv-652-FtM-29DNF

**FREEMONT INVESTMENT & LOAN and**
**MARCELO SOARES,**
          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

> **MOTION:**　　**MOTION TO REMAND (Doc. No. 9)**
>
> **FILED:**　　　**November 10, 2010**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** on other grounds.

    The Plaintiff, Kondaur Capital Corporation is requesting that the Court remand this action to state court.  The Defendant, Marcelo Soares Moura filed an Objection and Response (Doc. 12) on December 21, 2010.  The Defendant filed a Novice of Removal In Limine Motion for Leave to File Notice of Removal In Limine Out of Time Mandatory Judicial Notice Pursuant to Rule 201 F.R.E. (Doc. 1).  By directive, the Honorable John E. Steele, United States District Judge referred the Motion to Remand to this Court for a report and recommendation. Mr. Moura is proceeding *pro se* which is

without the benefit of counsel. Mr. Moura provided some of the state court records including the Complaint in Mortgage Foreclosure (Doc. 10).

In the state court Complaint in Mortgage Foreclosure, the Plaintiff, Fremont Investment & Loan brought an action in Count I for re-establishment of a lost note, and in Count II for foreclosure of a mortgage. Both the claim for re-establishment of a lost note and the claim for foreclosure of a mortgage are state law claims. *See*, Fla Stat. §673.3091 and *Bank of New York Mellon Trust Co., N.A. v. Johnson*, 201 WL 5426783, *2 (N.D. Fla. Nov. 24, 2010).

The first inquiry the Court must make is to determine if the Court has jurisdiction.[1] This action was removed from state court on October 21, 2010. In the Notice of Removal, Mr. Moura attempts to assert federal question jurisdiction, however, his argument is rambling and incomprehensible. He claims that there was a "Trust instrument established under Florida law," and then asserts diversity of citizenship, and then claims that Florida courts do not have subject matter jurisdiction over Florida Residents. (Doc. 1, p. 3). In addition he inserts a claim regarding sexually assaulted minor children. Based upon a review of the state court Complaint in Mortgage Foreclosure it is clear that the claims do not arise under the Constitution, treaties or laws of the United States, but rather the only basis for jurisdiction would be diversity of citizenship. *See*, 28 U.S.C. §§1331, and 1332.

The Complaint in Mortgage Foreclosure and the Notice of Removal fail to set forth the citizenship of the parties, therefore, the Court is unable to determine whether there is diversity of citizenship. However, in his Affidavit of Indigency (Doc. 2), Mr. Moura states that he is a resident of

---

[1] The Motion to Remand (Doc. 9) asserted arguments regarding procedural defects regarding the removal. Upon review of the filings in this case, the Court chose to address the jurisdictional defects.

Cape Coral, Florida, and states in the Notice of Removal that he is "Domiciled at the republic state of Florida." (Doc. 1, p. 1). "An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). Pursuant to 28 U.S.C. §1441(b), when an action is removed based upon diversity of citizenship, the "action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Therefore, diversity of citizenship will not support removal jurisdiction when the properly joined defendants are citizens of the state in which the suit was originally filed. *Id.* See also, *Lincoln Property Co. v. Roche*, 546 U.S. 81, 83-84 (2005), and *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996). A court must remand a case to state court if any of the properly joined defendants are citizens of the state in which the suit is filed. *Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1298 (11th Cir. 2007).

The Court determines that there is no federal question jurisdiction. Further, based upon the lack of allegations as to the citizenship of the parties, the Court cannot find that there is diversity of citizenship. In addition, Mr. Moura appears to be a citizen of the State of Florida. Therefore, Mr. Moura has failed to show that this Court has jurisdiction over this action, and the Court finds that it lacks jurisdiction in this case. It is respectfully recommended that this action be remanded to the Twentieth Judicial Circuit in and for Lee County, Florida.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  18th   day of January, 2011.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record