```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


KONDAUR CAPITAL CORP.,

            Plaintiff,

vs.                                 Case No.   2:10-cv-652-FtM-29DNF

FREEMONT   INVESTMENT   &   LOAN  and
MARCELO SOARES,

            Defendants.
_____
```

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #13), filed January 18, 2011, recommending that the Motion to Remand (Doc. #9) be granted. Defendant Marcelo Soares Moura (Moura) filed a Judicial Notice of Adjudicative Facts Pursuant to F.R.E 201 FRCP and Objection to Plaintiff's Motion for Remand (Doc. #14), and plaintiff filed a Response (Doc. #15) requesting adoption of the Report and Recommendation.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

**II.**

The magistrate judge examined the subject-matter jurisdiction of the Court. The magistrate judge found that no federal question was presented in the Complaint or the Notice of Removal, and the only possible basis for jurisdiction would be diversity of citizenship. The magistrate judge noted, however, that neither the Complaint nor the Notice of Removal stated the citizenship of the parties. The magistrate judge noted that Moura's Affidavit of Indigency (Doc. #2) provided that he is a "resident" of Cape Coral, Florida, and the Notice of Removal stated he was "Domiciled at the republic state of Florida." The Report and Recommendation concluded that Moura had failed to show subject-matter jurisdiction in federal court, and recommended remand to state court.

**III**.

"Removal of state court actions to federal court involves both jurisdictional and procedural considerations."  <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1194 (11th Cir. 2007).  As to jurisdiction, a state court action may be removed to a federal court if it is a "civil action . . . of which the district courts of the United States have original jurisdiction," unless Congress expressly provides otherwise.  28 U.S.C. § 1441(a); <u>Darden v. Ford Consumer Fin. Co.</u>, 200 F.3d 753, 755 (11th Cir. 2000).  Such original jurisdiction includes federal question jurisdiction pursuant to 28 U.S.C. § 1331, and diversity jurisdiction, which requires that the parties be citizens of different states and that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332; <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1261 (11th Cir. 2000).  "A removing defendant bears the burden of proving proper federal jurisdiction. . . . Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." <u>Adventure Outdoors, Inc. v. Bloomberg</u>, 552 F.3d 1290, 1294 (11th Cir. 2008).  Even when federal jurisdiction exists, however, the removing party must follow certain procedural requirements or face remand to state court.  <u>See generally</u> 28 U.S.C. § 1446.

**A.   Federal Question Jurisdiction:**

A defendant is entitled to remove a civil action from state court to federal court if plaintiff could have originally brought the action in federal district court as a civil action "arising under the Constitution, laws, or treaties of the United States," pursuant to Title 28, United States Code, Section 1331. See 28 U.S.C. § 1441(a).  A case "aris[es] under" federal law within the meaning of Section 1331, if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire HealthChoice Assur., Inc. v. McVeigh, 547 U.S. 677, 690 (2006)(citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983)).  To determine whether federal question jurisdiction exists for removal, the Court looks only to the claims set forth in plaintiff's Complaint, not to an actual or anticipated defense or to a counterclaim. Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009).  "The existence of federal jurisdiction is tested at the time of removal. [ ]  In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone. [ ]  Thus, to meet their burden, the defendants must show that the plaintiffs' complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal

jurisdiction." Adventure Outdoors, 552 F.3d at 1294-95 (internal citations omitted).

In this case, the Complaint set forth two state law claims: Court I sought to re-establish a lost note, and Count II sought foreclosure on a mortgage. Neither claim is created by federal law, so the only question is whether plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. The Supreme Court has recognized a longstanding, if less frequently encountered, variety of federal "arising under" jurisdiction in which federal-question jurisdiction will lie over state-law claims that implicate significant federal issues. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005)(citing Hopkins v. Walker, 244 U.S. 486, 490-491 (1917)). "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues, . . ." Grable, 545 U.S. at 312. To determine whether a case warrants federal jurisdiction on this basis, the Court evaluates whether the plaintiffs' state-law claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities," Grable, 545 U.S.

at 314, keeping in mind that the Supreme Court has explained that "Grable exemplifies" a "slim category" of cases, Empire Healthchoice, 547 U.S. at 701.

Neither count in the Complaint turns on a substantial question of federal law within the meaning of Grable. Therefore the Complaint does not set forth a basis for federal question jurisdiction.

**B. Diversity of Citizenship Jurisdiction:**

A civil action may also be removed from state court to federal court if there is diversity of citizenship under Title 28, United States Code, Section 1332. See 28 U.S.C. § 1441(a). This requires complete diversity of citizenship between all plaintiffs and all defendants. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). When federal court jurisdiction is predicated on diversity of citizenship, removal is permissible "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought." 28 U.S.C. § 1441(b).

At the time of removal, the Notice of Removal (Doc. #1) stated, among other things, that Moura was "domiciled" in the State of Florida, and the Affidavit of Indigency (Doc. #2) provided a Florida residence and a Florida employer for Moura. In his objection, defendant Moura now states that he is a "resident" of Texas, and has attached a copy of his Texas license. Moura does

not address his citizenship nor the citizenship of the other named defendants.

The burden of persuasion for establishing diversity jurisdiction is on the party asserting it, and when challenged on allegations of jurisdictional facts, the party must support the allegations by competent proof. Hertz Corp. v. Friend, 130 S. Ct. 1181, 1194-95 (2010). Diversity citizenship must be present at the "time-of-filing" and is unaffected by subsequent changes in the citizenship of the parties. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004). "An individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006). "Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. [ ] A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. . . . [ ] Furthermore, a change of domicile requires [a] concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely. . . ." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotations and citations omitted).

A Texas driver's license alone does not establish prior citizenship in Texas or an intent to return to Texas. Even if the

Court were to assume that, if given an opportunity, defendant Moura could establish citizenship in Texas, diversity jurisdiction would still not be established because Moura has not made any allegations as to the citizenship of the additional defendants.

The Court therefore agrees with the Report and Recommendations that there is no federal jurisdiction over this case. The case must therefore be remanded to the state court.

**C.  Procedural Requirements:**

Even if the Court assumes defendant Moura could establish either federal question jurisdiction or diversity of citizenship jurisdiction for the causes of action set forth in the Complaint, the case must nonetheless be remanded to state court because of the procedural deficiencies raised by plaintiff.

Plaintiff argues the case must be remanded to state court because the Complaint was not removed to federal court within the required 30 day time period, which began in 2007. Additionally, if removal is premised on diversity, as Moura now asserts, the case was not removed within the required one year after commencement of the action. Both arguments are correct.

The timing of a notice of removal is controlled by 28 U.S.C. § 1446(b), which states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the

>     defendant if such initial pleading has then been filed in
>     court and is not required to be served on the defendant,
>     whichever period is shorter.
>
>         If the case stated by the initial pleading is not
>     removable, a notice of removal may be filed within thirty
>     days after receipt by the defendant, through service or
>     otherwise, of a copy of an amended pleading, motion,
>     order or other paper from which it may first be
>     ascertained that the case is one which is or has become
>     removable, except that a case may not be removed on the
>     basis of jurisdiction conferred by section 1332 of this
>     title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). "[A] defendant must remove within thirty days of receiving the document that provides the basis for removal." Lowery, 483 F.3d at 1212-13. The one-year limitation in the second paragraph only applies if the case was not removable to federal court when the case was originally filed or commenced. Carter v. Frito-Lay, Inc., 144 F. App'x 815, 817 (11th Cir. 2005). The record establishes that neither the 30 day period, nor the 1 year period were satisfied in this case.

The state court record reflects service of process on Moura on July 30, 2007, the dropping of some defendants on September 4, 2007, and the entry of a default as to all other defendants on September 6, 2007. If the case was removable when filed, neither Moura nor any other defendant filed a notice of removal within the 30 day period of its filing. Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202 (11th Cir. 2008). If the case was not removable at the time the action was commenced, the one-year limitation applies. See Carter v. Frito-Lay, Inc., 144 F. App'x at

817 (collecting cases); New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 885-87 (5th Cir. 1998). The Notice of Removal was clearly filed more than one year after the action was commenced in state court. See, e.g., Howell v. St. Paul Fire & Marine Ins. Co., 955 F. Supp. 660 (M.D. La. 1997); Lexington Market, Inc. v. Desman Assocs., 598 F. Supp. 2d 707 (D. Md. 2009). Therefore, the case must be remanded to state court.

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation and objections, the Court accepts the Report and Recommendation of the magistrate judge to remand the case, as further modified herein.

Accordingly, it is now

**ORDERED**:

1. The Objections (Doc. #14) are **OVERRULED**, and the Report and Recommendation (Doc. #13) is hereby **adopted as modified herein**.

2. Plaintiff's Motion for Remand (Doc. #14) is **GRANTED.**

3. Defendant Moura's Petition for Orde [sic] to Enforce Removal (Doc. #5) is **DENIED as moot.**

4. The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Opinion and Order

to the Clerk of that Court.  The Clerk is further **directed** to terminate all pending motions and deadlines and close this case.

    **DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of February, 2011.

                                                  /s/ John E. Steele
                                                JOHN E. STEELE
                                                United States District Judge

Copies:
Hon. Douglas N. Frazier
United States Magistrate Judge

Parties of Record